711 F.2d 752
 Charles R. WINTER and Catherine A. Winter, his wife,
Plaintiffs-Appellants,
v.
SEARS, ROEBUCK AND CO., a New York Corporation, and White
Metal Rolling and Stamping Corporation,
Defendants-Appellees.
 No. 80-1025.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 5, 1981.
Decided July 15, 1983.
 
 Frank K. Penirian, William Stackpoole (argued), Detroit, Mich., for plaintiffs-appellants.
 Albert A. Miller, Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C., Carl L. Gromek, Mark Bendure (argued), Detroit, Mich., for defendants-appellees.
 Before EDWARDS, Chief Judge, JONES, Circuit Judge and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case was decided in the United States District Court for the Eastern District of Michigan before District Judge James P. Churchill. Plaintiff and his wife filed a complaint against defendants for the manufacture and sale of a ladder which plaintiff, Charles Winter, undertook to use for installing aluminum siding on his house. Plaintiff was injured when he fell from the extension ladder, as a result, according to plaintiffs' complaint, of defendant White's negligent design and defendant Sears, Roebuck's failure to test, inspect and/or warn.
 
 
 2
 At trial the District Judge ruled as a matter of law that plaintiff had failed to establish design negligence, but submitted to the jury the question as to whether plaintiff had been furnished with adequate warning of any inherent or latent risks.
 
 
 3
 The jury's verdict for defendants answered that question in the affirmative; whereupon plaintiffs appealed, claiming error in the trial judge's directing a verdict in favor of defendants on the question of defective design. On suggestion of plaintiffs-appellants that the design negligence issue involved in this case was at that time on appeal to the Michigan Supreme Court in Owens v. Allis-Chalmers Corp. 83 Mich.Ct.App. 74, 268 N.W.2d 291 (1978), leave granted, 405 Mich. 827 (1979), this court delayed decision until receipt of a copy of the Michigan Supreme Court decision in the Owens case.
 
 
 4
 In a unanimous decision, the Michigan Supreme Court held, as stated in the headnotes of said case, see Owens v. Allis-Chalmers Corp., 414 Mich. 413, 326 N.W.2d 372 (1982):
 
 
 5
 The plaintiff did not present a prima facie case that the design of the forklift presented an unreasonable risk of foreseeable injuries at the time of the design or manufacture of the vehicle under theories of negligence or defective product, and granting the defendant's motion for a directed verdict was proper.
 
 
 6
 1. Compliance by manufacturers of products with governmental and industrial standards is admissible as evidence but is not conclusive as to whether the defendant was negligent or the product was defective.
 
 
 7
 2. Whether a product is unreasonably dangerous does not depend on whether the dangers are latent or patent. The obviousness of the risks which inhere in some simple tools or products is a factor in concluding that the product is not unreasonably dangerous. The test, however, is not whether the risks are obvious, but whether the risks were unreasonable in light of the foreseeable injuries.
 
 
 8
 3. The plaintiff failed to offer evidence concerning the magnitude of the risks involved in using the forklift and the reasonableness of her proposed alternate designs. Although on the basis of her expert's testimony an inference might be drawn that injuries such as those received by her husband were foreseeable, neither the expert testimony nor other evidence indicated the likelihood of a driver suffering such injuries; nor was there an indication how the use of any of the driver restraints would affect the driver's safety in other situations or his ability to do his job. Viewing the evidence in a light most favorable to the plaintiff, it cannot be concluded that prima facie case of the defendant's negligence or of a defective product was established.
 
 
 9
 Affirmed.
 
 
 10
 Our consideration of the principles set forth above, and more fully spelled out in the lengthy opinion of the Michigan Supreme Court, convinces us that no error was committed by the District Judge in our instant case in his instructions to the jury concerning design negligence. Nor, on the appellants' factual record at trial, did he err in failing to submit any issue as to breach of implied warranty.
 
 
 11
 For these reasons, the judgment of the District Court is in all respects affirmed. The costs of this appeal and appropriate attorneys' fees may be determined and awarded by the District Court.